**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-03905-NYW

CHADDRICK THOMAS,

Applicant,

v.

WARDEN, Crowly County Correctional Facility, and
UNITED STATES ATTORNEY GENERAL,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Application") filed pro se[1] by Applicant Chaddrick Thomas on December 22, 2025 ("Applicant" or "Mr. Thomas"). [Doc. 8]. For the following reasons, the Amended Application is **DISMISSED without prejudice** for lack of jurisdiction.

## BACKGROUND

Mr. Thomas is in the custody of the Colorado Department of Corrections ("CDOC") at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Thomas alleges in the Amended Application that he is subject to both state and federal sentences.

---

[1] Because Mr. Thomas proceeds pro se, the Court liberally construes his filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Mr. Thomas as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Mr. Thomas claims that his federal sentence commenced in 2005, when his original state court conviction was vacated, but the federal Bureau of Prisons ("BOP") disagrees. [Doc. 8-1 at 7–11]. For relief, Mr. Thomas asks the Court to order the BOP to "correct [his] sentence computation to commence [his] federal sentence on . . . the date [his] Colorado conviction was vacated," or, alternatively, "grant a *nunc pro tunc* designation under 18 U.S.C. § 3621(b) to treat the Colorado DOC as the place of federal confinement beginning on that date." [Doc. 8 at 4]. He further requests "recalculation of all federal credit and immediate adjustment of his federal sentence. [*Id.*].

## I. Factual Background

The basic facts relevant to Mr. Thomas's sentences are not in dispute. Mr. Thomas was convicted of second-degree murder in El Paso County, Colorado, District Court case number 02CR1591 and sentenced to a 40-year term of imprisonment on January 27, 2003. [Doc. 8-1 at 3; Doc. 27-1 at ¶ 4]. On July 15, 2005, Mr. Thomas' state court murder conviction and sentence were vacated by the Colorado Court of Appeals, and the case was remanded to the district court for a new trial. [Doc. 27-1 at ¶¶ 4, 6[2]]. Mr. Thomas remained in state custody pending retrial. [Doc. 27-1 at ¶ 4; Doc. 8-1 at 4]. In October 2005, Mr. Thomas was again convicted of second-degree murder and sentenced to a 40-year term of imprisonment and a five-year term of mandatory parole. [*Id.*]; *see also* [Doc. 27-1 at 6, 8].

---

[2] The Court notes that Mr. Thomas alleges in the body of the Amended Application that his original state court conviction was vacated on June 7, 2005. [Doc. 8 at 2, 4]. However, the amended judgment of conviction and sentence entered by the state district court in case number 02CR1591, a copy of which is submitted by Respondent as an attachment to the Declaration of Veronica Hodge, a BOP Correctional Programs Specialist, indicates that the conviction was vacated on July 15, 2005. *See* [Doc. 27-1 at ¶¶ 4, 6].

In September 2004, while Mr. Thomas was imprisoned in a CDOC facility serving his state sentence for the 2003 murder conviction, he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to stand trial in United States District Court for the Middle District of Florida, Case No. 03-cr-00162-T-24-TBM.[3] [Doc. 8-1 at 4]. Mr. Thomas was convicted of several federal offenses, including two counts of bank robbery, and sentenced to a total federal prison term of 618 months, to run consecutively to the Colorado prison sentence. [*Id.*]. Mr. Thomas was returned to state custody following entry of the federal judgment. [*Id.*].

In October 2006, the Eleventh Circuit Court of Appeals vacated Mr. Thomas's federal sentence and remanded for resentencing. [*Id.* at 5]. On December 12, 2006, while in state custody, Mr. Thomas was transferred to federal custody for resentencing pursuant to a federal writ of habeas corpus ad prosequendum. [Doc. 27-1 at ¶ 5, and attachs. 3, 4, & 5]. On January 9, 2007, Mr. Thomas was resentenced in the Middle District of Florida to an aggregate prison term of 619 months. [Doc. 27-1 at ¶ 6, and attach. 6; Doc. 8-1 at 5]. The federal court judgment ordered the federal sentences to run consecutively to the undischarged term of imprisonment Mr. Thomas is serving in the state of Colorado. [*Id.*]. On February 13, 2007, Mr. Thomas was returned to state custody. [Doc. 27-1 at ¶ 6 & attach. 6]. Mr. Thomas is currently incarcerated in a CDOC facility. [Doc. 8 at 1].

## II. Federal Habeas Proceedings

Mr. Thomas filed his initial application for writ of habeas corpus on December 4,

---

[3] The Court takes judicial notice of the docket in *United States v. Thomas*, Case No. 03-cr-00162-TM (M.D. Fla.), which reflects that Mr. Thomas was initially sentenced on October 14, 2004, [ECF No. 203].

2025. [Doc. 1]. Upon review, on December 5, 2025, the Honorable Richard T. Gurley ordered Mr. Thomas to cure certain deficiencies and file an amended application. [Doc. 4]. Mr. Thomas filed an Amended Application for Writ of Habeas Corpus on December 22, 2025. [Doc. 8]. On January 29, 2026, Judge Gurley directed Respondent United States Attorney General ("Respondent" or "USAG") to show cause why the Amended Application should not be granted. [Doc. 19]. The USAG thereafter filed a motion to clarify because she[4] was not named as a respondent in the Amended Application. Following a response from Mr. Thomas, the Court deemed the USAG a Respondent to the Amended Application[5] and ordered Respondent to show cause why the Amended Application should not be granted. [Doc. 24]. On May 15, 2026, Respondent USAG timely filed a Response to Petitioner's Amended Petition. [Doc. 27]. Respondent asserts that the Amended Application is not ripe for judicial review and should be dismissed for lack of jurisdiction because Mr. Thomas's federal sentence has not yet commenced. [*Id.*]. Mr. Thomas filed a Reply on June 10, 2026. [Doc. 28].

## LEGAL STANDARDS

### I. 28 U.S.C. § 2241

Habeas corpus relief is warranted only if Mr. Thomas "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 action is the appropriate vehicle to challenge the execution of a federal sentence.

---

[4] At the inception of this action, Pamela Bondi was the Attorney General of the United States. The current Attorney General is Markwayne Mullin.

[5] The Warden of the Crowley County Correctional Facility, who is Mr. Thomas's current custodian, is named as a Respondent in this action. *See* 28 U.S.C. § 2242. However, Mr. Thomas does not challenge the execution of his state court sentence or seek any relief against the Respondent Warden in the Amended Application.

*See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). *See also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing the petitioner's request for *nunc pro tunc* designation of his state facility for service of federal sentence as a habeas corpus petition under § 2241).

## II. Ripeness

"Ripeness is peculiarly a question of timing, intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (cleaned up). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). *See also New Mexicans for Bill Richardson*, 64 F.3d at 1499. The ripeness of an issue for judicial review implicates the Court's subject matter jurisdiction. *Coal. for Sustainable Res., Inc. v. U.S. Forest Serv.*, 259 F.3d 1244, 1249 (10th Cir. 2001).

## III. Computation of a Federal Sentence

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue involves credit for prior custody. *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent

in official detention *prior to* the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

The Attorney General, through the BOP, is responsible for making the sentence calculations contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. *See Weekes*, 301 F.3d at 1178–82.

## DISCUSSION

Respondent maintains that Mr. Thomas' claims in the Amended Application seeking a computation of his federal sentence and for credit against his federal sentence for time served in state custody are not ripe because the federal sentence has not yet commenced. [Doc. 27 at 4–6].

### I. Has Mr. Thomas's Federal Sentence Commenced?

Mr. Thomas contends that his federal sentence commenced on July 15, 2005, because once his state court conviction was vacated, "the state no longer possessed lawful authority to continue [his] confinement as a state sentence" and "the only proper legal basis to order and effectuate his continued confinement from that point forward was the federal sentence." [Doc. 8-1 at 8]; *see also* [Doc. 28 at 3]. Mr. Thomas thus asks the Court to order the BOP to "correct [his] sentence computation to commence [his] federal sentence on . . . the date [his] Colorado conviction was vacated." [Doc. 8 at 4].

Under § 3585(a), Mr. Thomas's federal sentence will commence when he is

received into federal custody for the purpose of serving his federal sentence. *See Binford*, 436 F.3d at 1255–56. Mr. Thomas does not cite any legal authority in support of his argument that his original federal sentence, imposed in 2004, commenced in July 2005, when his first state murder conviction was vacated by the Colorado Court of Appeals and remanded for a new trial. Instead, he simply argues that there was no "proper legal basis" for the state to "effectuate his continued confinement." On the contrary, Colorado law authorizes the detention of a criminal defendant awaiting trial who is not eligible for bond or is unable to post the bond set by the court. *See generally* Colo. Rev. Stat. §§ 16-4-101, *et seq*. (2026).

The record before the Court indicates that Mr. Thomas has been in continuous state custody in conjunction with the state murder charge filed against him in 2002.[6] Mr. Thomas was serving a state prison sentence for the first murder conviction before he was

---

[6] The Court notes that under the comity doctrine of primary custody or primary jurisdiction, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant," or "relinquish[es] or transfer[s] its primary custody." *Weekes*, 301 F.3d at 1180–81. The Tenth Circuit Court of Appeals has recognized in unpublished decisions that "[g]iven the statutory mandate [in 18 U.S.C. § 3585(a)], . . . arguments concerning primary custody may be irrelevant." *Newman v. Cozza-Rhodes*, 526 F. App'x 818, 821 (10th Cir. 2013) (citing *Comrie v. Wilner*, 380 F. App'x 783, 786 (10th Cir. 2010)).

To the extent the doctrine of primary custody is relevant in the present action, the record reflects that between 2004 and 2007, Mr. Thomas was occasionally transferred to temporary federal custody for proceedings in the Middle District of Florida pursuant to federal writs of habeas corpus ad prosequendum. [Doc. 27-1 at ¶ 6 & attachs. 3, 4, & 5]. The federal government's use of ad prosequendum writ and detainers indicates that the federal government does not have primary custody and is merely borrowing the prisoner from the sovereign with primary custody. *See Weekes*, 301 F.3d at 1181. *See also Brown v. Perrill*, 28 F.3d 1073, 1073–74 (10th Cir. 1994) (when a state transfers a person in custody to the federal government pursuant to a writ of habeas corpus ad prosequendum, the federal detention is generally recognized as being temporary) (citing *Hernandez v. U.S. Att'y Gen.*, 689 F.2d 915, 918–19 (10th Cir. 1982)).

sentenced in the United States District Court for the Middle District of Florida in 2004. He was convicted of murder a second time in October 2005 and sentenced to a 40-year prison term in Colorado, before he was resentenced in the federal district court in 2007. In both federal judgments, the sentencing court ordered Mr. Thomas's federal sentences to run consecutively to the sentence Mr. Thomas was serving in the state of Colorado.

Mr. Thomas fails to demonstrate that his federal sentence commenced when the Colorado Court of Appeals vacated his original murder conviction in July 2005. Instead, his federal sentence will commence, under 18 U.S.C. § 3585(a), once the state court sentence is discharged and he is taken into federal custody. *See also Newman v. Cozza-Rhodes*, 526 F. App'x 818, 821 (10th Cir. 2013) (concluding that the petitioner's federal sentence commenced when petitioner "was released from state parole and the federal marshals took him into custody to serve his federal sentence.").

## II. Is Mr. Thomas Entitled to Credit Against His Federal Sentence for Time Serviced on his State Sentence?

In the alternative, Mr. Thomas asks the Court to order the BOP to designate *nunc pro tunc* his current CDOC facility as the place of his federal confinement beginning on the date his state court conviction was vacated. [Doc. 8 at 4; Doc. 8-1 at 9–10]. He argues that a *nunc pro tunc* designation is necessary to correct unjust results flowing from the jurisdictional anomalies between sovereigns. [Doc. 8-1 at 10].

The BOP has authority to designate a state prison as the place to serve a federal prison sentence pursuant to 18 U.S.C. § 3621(b).[7] However, "the BOP cannot designate

---

7 Under § 3621(b), the BOP may order that a prisoner serve his federal sentence in a state prison, which effectively allows the state and federal sentences to run concurrently. *See Setser v United States*, 566 U.S. 231, 235 (2012). However, such a *nunc pro tunc* designation is not allowed when the federal sentencing court has ordered the federal

a place of confinement until [Mr. Thomas] is in federal custody." *Miller*, 594 F.3d at 1242 (citing *Hernandez*, 689 F.2d at 919) (without custody of the defendant, "the Attorney General was in no position to designate a place of confinement"); *see also United States v. Pungitore*, 910 F.2d 1084, 1119 (3d Cir. 1990) (the Attorney General "simply will not be called upon to [designate the place of confinement] until the state sentence is completed and the defendant is delivered to federal custody").

Mr. Thomas's request for an order directing the BOP to designate his state correctional facility *nunc pro tunc* for service of his federal sentence, which is essentially a request for an award of credit against his federal sentence for time spent in state custody, is premature because Mr. Thomas is not in federal custody. *See, e.g.*, *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (concluding that habeas petition filed by prisoner in state custody who sought credit towards his federal sentence for time spent in state custody was not ripe where the prisoner was not in federal custody when the petition was filed, and the BOP had not yet calculated his federal sentence and determined what credit should be given for the time he spent in state custody). *Accord Reed v. United States*, 262 F. App'x 114, 116 (10th Cir. 2008) (recognizing that the BOP is "responsible for computing sentencing credit under § 3585(b)" and "that calculation occurs when the BOP imprisons a defendant.") (citing *Wilson*, 503 U.S. at 334–35)). *See also Eccleston v. United States*, 819 F. App'x 624, 629 (10th Cir. 2020) (construing petitioner's request for an order directing the BOP to designate *nunc pro tunc* the time served in a state correctional facility toward his federal sentence" as effectively seeking "to have the BOP

---

sentence to run consecutively to a state sentence. *See Finerson v. Bureau of Prisons*, 749 F. App'x 681, 683–84 (10th Cir. 2018).

credit [him] with all of the time that he served on his state sentence prior to being taken into federal custody.”).

For the reasons discussed above, the Court finds that Mr. Thomas’ claims seeking a computation of his federal sentence that has not yet commenced are not ripe for judicial review. Therefore, the Amended Application will be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 8, Doc. 8-1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction because Petitioner’s request for computation of a federal sentence that has not yet commenced is not ripe for judicial review;

(2) The Clerk of Court is **DIRECTED** to terminate this case; and

(3) A copy of this Order shall be sent to:

Chaddrick Thomas, #116334
Crowley County Correctional Facility
P.O. Box 100
6564 State Highway 96
Olney Springs, CO 81062-8700

DATED: November 3, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge